*992 In a probate proceeding in which the executor of the estate of George Hersh petitioned pursuant to SCPA 2103 for certain discovery, Mark Hersh, Frant Hotel, LLC, Main Street Liberty, LLC, 229 West 109th Street Realty Corp., G.M. Canmar Residence Corp., G.M. Beverly Corp., and Breman Capital Corp. appeal from so much of an order of the Surrogate’s Court, Queens County (Kelly, S.), entered June 6, 2012, as denied that branch of their motion which was for a protective order relieving Mark Hersh of the obligation of executing authorizations providing for the release of documents maintained by Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, in connection with an order of the same court dated November 18, 2010, directing his deposition.
Ordered that the order entered June 6, 2012, is modified, on the law, by deleting the provision thereof denying that branch of the motion of Mark Hersh, Frant Hotel, LLC, Main Street Liberty, LLC, 229 West 109th Street Realty Corp., G.M. Canmar Residence Corp., G.M. Beverly Corp., and Breman Capital Corp. which was for a protective order relieving Mark Hersh of the obligation of executing authorizations providing for the release of documents maintained by Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, and substituting therefor a provision granting that branch of the motion to the extent that Mark Hersh shall be required to execute authorizations only with respect to those documents maintained by Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, that relate to the management and operation of those entities by Mark Hersh, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
George Hersh (hereinafter the decedent) died on July 24, 2007, survived by his wife, who is the petitioner herein, as well as by three children of the marriage, including a son, Mark Hersh (hereinafter Mark). The decedent’s will, which was admitted to probate in December 2007, appointed the petitioner as executor of his estate, and, along with the three children of the petitioner and the decedent, as cotrustee of a testamentary credit shelter trust (hereinafter the Trust). The petitioner is the lifetime beneficiary of the Trust, and the three children are the remainder beneficiaries.
The petitioner commenced this discovery proceeding pursuant to SCPA 2103 on or about November 1, 2010, alleging that, to the detriment of the estate and the Trust, Mark mismanaged nine closely held real estate entities (hereinafter collectively the *993 entities), the shares of which are variously held by the petitioner, Mark, and the Trust.
In an order dated November 18, 2010 (hereinafter the order to attend), the Surrogate’s Court directed Mark and the entities to submit to depositions regarding their respective assets, in order to determine which of such assets should be paid or conveyed to the petitioner in her capacity as executor of the decedent’s estate. The order to attend also directed Mark and the entities to produce their respective books and records, including articles of incorporation, management agreements, loan agreements, cash receipts journals, and shareholder agreements.
In an order dated June 15, 2011, the Surrogate’s Court granted that branch of the motion of Mark and the entities which was to dismiss the petition insofar as asserted against three of the entities, namely, Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC (hereinafter collectively the LLCs), based on their domicile in a foreign state. While the court agreed that it lacked personal jurisdiction over the LLCs, it noted its undisputed personal jurisdiction over Mark, the majority holder of a membership interest in, or sole operator of, the LLCs, which entitled the petitioner to inquire of Mark regarding, inter alia, his operation and management of the LLCs.
The petitioner served Mark with authorization forms to execute on behalf of the LLCs, providing for the release of their respective books and records (hereinafter the authorizations), so that the books and records could be provided to various third parties. Mark and the remaining entities (hereinafter collectively the appellants) moved, inter alia, for a protective order relieving Mark of the obligation of executing the authorizations on behalf of the LLCs, based on the established lack of jurisdiction over the LLCs.
In an order entered June 6, 2012, the Surrogate’s Court directed Mark to execute and deliver the authorizations. The court noted the broad parameters of discovery to which a fiduciary is entitled under SCPA 2103, and held that its lack of personal jurisdiction over the LLCs, “the repositories of the documents sought,” was irrelevant, and the question was whether the subject documents were discoverable under SCPA 2103. The court also held that the petitioner was “absolutely entitled to seek the production of documents to aid in her inquiry against Mark,” and denied that branch of the appellants’ motion which was to relieve Mark of the obligation of producing authorizations “for the release of documents from [the LLCs].” *994 SCPA 2103, which authorizes a discovery proceeding, provides that “[a] fiduciary may present to the court which has jurisdiction over the estate a petition showing . . . that any property ... or the proceeds or value thereof which should be paid or delivered to him [or her] is . . .in the possession or control of a person who withholds it from him [or her]” (SCPA 2103 [1] [a]; see Matter of Rokeach, 101 AD3d 1022 [2012]).
Here, in accordance with the Surrogate’s Court’s order dated June 15, 2011, the petitioner is entitled to inquire of Mark regarding his operation and management of the LLCs. Thus, the Surrogate’s Court properly determined that the appellants were not entitled to a protective order with respect to the release of documents relating to the management and operation of the LLCs by Mark (see SCPA 2103), who is a party to this proceeding over whom the court has personal jurisdiction. However, by directing Mark to execute the authorizations to permit general discovery of the LLCs’ books and records, the Surrogate’s Court effectively assumed jurisdiction over the LLCs after they had been dismissed as parties based on their non-domiciliary status. Inasmuch as the LLCs are no longer parties to this proceeding and are not subject to the personal jurisdiction of the court, the court should not have denied the appellants’ motion for a protective order in its entirety, but should have granted it to the extent that Mark would be required to execute authorizations only with respect to those documents that relate to Mark’s management and operation of the LLCs. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.